**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| AMERICA'S POWER<br>and<br>ELECTRIC GENERATORS MATS COALITION,<br><br>*Petitioners,*<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY,<br><br>*Respondent*. | No.: 24-1201 (consolidated with lead case No. 24-1119) |

**NONBINDING STATEMENT OF ISSUES TO BE RAISED**

Petitioners America's Power and Electric Generators MATS Coalition submit the following nonbinding statement of issues to be raised with regard to their petition for review of the U.S. Environmental Protection Agency's ("EPA") final rule entitled "National Emission Standards for Hazardous Air Pollutants: Coal- and Oil-Fired Electric Utility Steam Generating Units Review of the Residual Risk and Technology Review." 89 Fed. Reg. 38,508 (May 7, 2024) ("Final Rule"):

1. Whether EPA's revisions of certain standards applicable to coal-fired electric generating units ("EGUs") under the Mercury and Air Toxics ("MATS")

regulations, 40 C.F.R. Part 63, Subpart UUUUU, in the Final Rule are arbitrary, capricious, an abuse of discretion, or otherwise contrary to law, because such revisions were not "necessary" as required by Section 112(d)(6) of the Clean Air Act.

2. Whether EPA's revisions of certain MATS standards applicable to coal-fired EGUs in the Final Rule are arbitrary, capricious, an abuse of discretion, or otherwise contrary to law, because EPA did not identify any "developments in practices, processes, [or] control technologies" as required by Section 112(d)(6) of the Clean Air Act.

3. Whether EPA's revisions of certain MATS standards applicable to coal-fired EGUs in the Final Rule are arbitrary, capricious, an abuse of discretion, or otherwise contrary to law, because EPA did not adequately explain its change in position from its 2020 Residual Risk and Technology Review.

4. Whether EPA's revisions of certain MATS standards applicable to coal-fired EGUs in the Final Rule are arbitrary, capricious, an abuse of discretion, or otherwise contrary to law, when such revisions impose substantial costs on regulated entities for a trivial benefit.

5. Whether EPA's revisions of certain MATS standards applicable to coal-fired EGUs in the Final Rule are arbitrary, capricious, an abuse of discretion, or otherwise contrary to law, when such revisions result in costs that far outweigh any benefits from the Final Rule.

6. Whether EPA's revision of the filterable particulate matter ("fPM") MATS standard applicable to coal-fired EGUs in the Final Rule is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law, when such revision is based on a deeply flawed technical analysis, including cherry-picked data, unsupported assumptions, and other flaws.

7. Whether EPA's revision of the mercury MATS standard applicable to lignite-coal-fired EGUs in the Final Rule is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law, when such revision is based on a deeply flawed technical analysis, including cherry-picked data, unsupported assumptions, and other flaws.

8. Whether EPA's revision of the MATS fPM monitoring provisions in the Final Rule is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

Date: July 17, 2024

Respectfully submitted,

/s/ *Makram B. Jaber*

Makram B. Jaber
Allison D. Wood
Aaron M. Flynn
MCGUIREWOODS LLP
888 16th Street N.W., Suite 500
Black Lives Matter Plaza
Washington, DC 20006
(202) 857-2416
mjaber@mcguirewoods.com
awood@mcguirewoods.com
aflynn@mcguirewoods.com

*Counsel for Petitioner Electric Generators for a Sensible Transition*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 17th day of July 2024, I filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all registered CM/ECF users.

/s/ *Makram B. Jaber*
Makram B. Jaber