# BAKER BOTTS LLP

700 K STREET, N.W.  
WASHINGTON, D.C. 20001

TEL +1 202.639.7700  
FAX +1 202.639.7890  
BakerBotts.com

AUSTIN  
BRUSSELS  
DALLAS  
DUBAI  
HOUSTON  
LONDON  

NEW YORK  
PALO ALTO  
RIYADH  
SAN FRANCISCO  
SINGAPORE  
WASHINGTON

July 17, 2024

Joshua B. Frank  
TEL: 2026397748  
FAX: 2025851021  
joshua.frank@bakerbotts.com

VIA CM/ECF

Mark Langer, Clerk of Court  
U.S. Court of Appeals for the D.C. Circuit  
E. Barrett Prettyman U.S. Courthouse  
and William B. Bryant Annex  
333 Constitution Ave., NW  
Washington, D.C. 20001

Re: Nos. 24-1190, 24-1217, 24-1194 (consolidated with No. 24-1119); *Talen Montana, LLC v. EPA*; *NorthWestern Corp. v. EPA*; *Westmoreland Mining Holdings, LLC v. EPA*

Dear Clerk Langer:

      The undersigned Petitioners submit this letter to advise the Court of supplemental authority. *See* Fed. R. App. P. 28(j).

      In *Loper Bright Enterprises v. Raimondo*, No. 22-451 (U.S. June 28, 2024), the U.S. Supreme Court held that "Courts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority." Slip op. 35. An agency's judgment may be informative, but courts "may not defer to an agency interpretation of the law simply because a statute is ambiguous." *Id.* Even if the supposed ambiguity "happens to implicate a technical matter," courts must still determine and apply the "best reading of the statute." *Id.* at 23–25.

      *Loper Bright* affects this case in at least two ways. First, EPA's interpretation that "new" information on the deployment of existing technology constitutes "developments" under Clean Air Act Section 112(d)(6) warrants no deference. *E.g.*, Talen Montana & NorthWestern Mot. 7–8. This Circuit has already interpreted that term to mean "innovations." *Id.* at 7 (citing *NRDC v. EPA*, 529 F.3d 1077, 1084 (D.C. Cir. 2008)). Observing that facilities have more experience using

the same control technologies does not satisfy EPA's statutory duty to "consider practical and technological advances." N.D. Mot. 6 (quoting *La. Env't Action Network v. EPA*, 955 F.3d 1088, 1098 (D.C. Cir. 2020)).

      Second, EPA's interpretation that a rule is "necessary" even when the status quo "provides an ample margin of safety to protect public health" also warrants no deference. *E.g.*, *id.*; Westmoreland Mot. 10–16. Here too courts have already interpreted the term "necessary" to at least mean "required to achieve a desired goal." NRECA Mot. 16 (citing *GTE Serv. Corp. v. FCC*, 205 F.3d 416, 423 (D.C. Cir. 2000)). For Section 112(d)(6) specifically, EPA must also consider costs. *E.g.*, *id.* at 16–19 (citing *Michigan v. EPA*, 576 U.S. 743, 752–53 (2015)). EPA's determination that revising emission standards can be "necessary" with a "negative net monetized benefit" and no public health driver is not a "permissible" interpretation of the statute—much less the "best" one.

DATED:    July 17, 2024               Respectfully submitted,

*/s/ Joshua B. Frank*                      */s/ Michael Drysdale*

| | |
|---|---|
| Joshua B. Frank | Creighton R. Magid |
| C. Joshua Lee | DORSEY & WHITNEY LLP |
| BAKER BOTTS L.L.P. | 1401 New York Avenue N.W., |
| 700 K Street N.W. | Suite 900 |
| Washington, D.C. 20001 | Washington, D.C. 20005 |
| Tel.: (202) 639-7748 | Tel.: (202) 442-3555 |
|      (202) 639-1130 | magid.chip@dorsey.com |
| joshua.frank@bakerbotts.com | |
| joshua.lee@bakerbotts.com | Michael Drysdale (*Of Counsel*) |
| | DORSEY & WHITNEY LLP |
| *Counsel for Petitioner* | 50 South Sixth Street, Suite 1500 |
| *Talen Montana, LLC* | Minneapolis, MN 55402 |
| | Tel.: (612) 340-5652 |
| | drysdale.michael@dorsey.com |
| | |
| | *Counsel for Petitioner* |
| | *NorthWestern Corporation* |
| | *d/b/a NorthWestern Energy* |

*/s/ Mark W. DeLaquil*

Mark W. DeLaquil
BAKER & HOSTETLER LLP
Suite 1100
1050 Connecticut Avenue, NW
Washington, D.C. 20036
Tel.: (202) 861-1527
mdelaquil@bakerlaw.com

Martin T. Booher
Joshua T. Wilson
BAKER & HOSTETLER LLP
2000 Key Tower
127 Public Square
Cleveland, Ohio 44114

*Counsel for Petitioners Westmoreland Mining Holdings, LLC et al.*

JF
cc: All counsel of record via CM/ECF

## CERTIFICATEE OF COMPLIANCE

I certify that the forgoing document complies with the word limit set forth in Federal Rule of Appellate Procedure 28(j) because the body of the letter, inclusive of words found in footnotes, does not exceed 350 words.

DATED: July 17, 2024　　　　　　　*/s/ Joshua B. Frank*

　　　　　　　　　　　　　　　　　Joshua B. Frank
　　　　　　　　　　　　　　　　　*Counsel for Talen Montana, LLC*

## CERTIFICATE OF SERVICE

I certify that on July 17, 2024, the foregoing document was served electronically on all registered counsel through the Court's CM/ECF system.

DATED: July 17, 2024　　　　　　　*/s/ Joshua B. Frank*

　　　　　　　　　　　　　　　　　Joshua B. Frank
　　　　　　　　　　　　　　　　　*Counsel for Talen Montana, LLC*